UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Janice Bellucci | Richard Egger | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Dkt. 15, filed September 23, 2015)

## I. INTRODUCTION

Plaintiff, proceeding under the pseudonym John Doe, filed the instant action against defendant, the City of Arcadia ("Arcadia"), on July 29, 2015. Dkt. 1. In this action, plaintiff challenges the validity of Article IV, Chapter 9.4 of the City of Arcadia Municipal Code, entitled "Sex Offender Residency and Loitering Restrictions." Id. ¶¶ 1, 8. Plaintiff asserts that this regulation is unconstitutionally vague and overbroad and violates the Fifth and Fourteenth Amendments to the United States Constitution, the Ex Post Facto clause of the United States Constitution, and Articles I and XI of the California Constitution. See generally Compl.

On September 23, 2015, Arcadia filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 15. On October 9, 2015, plaintiff filed an opposition, Dkt. 17, and on October 19, 2015, Arcadia filed a reply, Dkt. 19. Having carefully considered the parties' argument, the Court finds and concludes as follows.

## II. BACKGROUND

The complaint alleges the following facts: In 2009, the City Council of Arcadia adopted Ordinance No. 2557, which was codified as Article IV, Chapter 9.4 of the City of Arcadia Municipal Code. Compl. ¶ 8. The ordinance is entitled "Sex Offender Residency and Loitering Restrictions" (the "Arcadia Residency Restrictions"). Id. The Arcadia Residency Restrictions went into effect on or about May 19, 2009. Id. The City Council of Arcadia subsequently adopted Ordinance No. 2318 in 2014 which amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

the Arcadia Residency Restrictions. Id. ¶ 9. This amendment went into effect on or about September 16, 2014. Id.

The Arcadia Residency Restrictions provide that "[n]o sex offender shall be a permanent or temporary resident within a residential exclusion zone." Arcadia Municipal Code ("AMC") § 4940.3. The regulation defines "sex offender" as "any person for whom registration is required pursuant to Section 290 of the California Penal Code, based upon the commission of an offense against a child (minor), regardless of whether that person is on parole or probation." AMC § 4940.1(M). And the regulation defines "residential exclusion zone" as "those areas located within two thousand (2,000) feet of the closest property line of a child care center, public or private school grades K through 12, park, public library, swimming or wading pool, commercial establishment that provides any area in or adjacent to such establishment as a children's playground, or any location that facilitates classes or group activities for children on the property, or school bus stops . . . ." AMC § 4940.1(K).

Pursuant to the Arcadia Residency Restrictions, a "permanent resident" is "any person who, as of a given date, obtained the right to occupy a dwelling including but not limited to a duplex, multi-family dwelling, single family dwelling, hotel, motel or inn for more than thirty (30) consecutive days." AMC § 4940.1(I). A "temporary resident" is "any person who, for a period of thirty (30) days or less, obtained the right to occupy a dwelling including but not limited to a Hotel, Motel or Inn." AMC § 4940.1(O).

Failure to comply with any of the provisions of the Arcadia Residency Restrictions constitutes a misdemeanor violation of the Arcadia Municipal Code. AMC § 4940.19. Furthermore, "[a]ny person required to comply with any or all of the provisions of [the Arcadia Residency Restrictions] shall be liable in any action brought by the City to enforce such provision and to pay such reasonable costs of enforcement, including any and all attorney's fees incurred by the City in furtherance of said enforcement." AMC § 4940.21.

Plaintiff has previously been convicted of a sex offense involving a minor. Compl. ¶ 4. Accordingly, he is required to register as a sex offender pursuant to California Penal Code § 290. Id. Plaintiff alleges that he desires to establish a residence in Arcadia, but is prohibited from doing so due to the city's residency restrictions. Id. In the instant suit, plaintiff contends that the Arcadia Residency Restrictions violate both the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

and California Constitutions. See generally Compl. Nonetheless, Arcadia argues that plaintiff lacks standing to bring the instant suit or, in the alternative, plaintiff's claims are not ripe for adjudication by this Court. Dkt. 15, at 1.

### III.  LEGAL STANDARD

####   A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Similarly, a party may assert the ripeness issue, along with other challenges to a court's subject matter jurisdiction, as a defense pursuant to Federal Rule of Civil Procedure 12(b)(1). See St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

## IV. ANALYSIS

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted). With regard to the first element, injury in fact, the alleged harm need not have actually occurred, but rather may be "imminent." See Id. at 560. However, where a plaintiff relies on allegations of "possible future injury" to establish standing, the "threatened injury must be 'certainly impending' to constitute injury in fact." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (citations omitted).

Here, plaintiff asserts that as a result of the Arcadia Residency Restriction, he will be effectively precluded from finding adequate housing in Arcadia. Compl. ¶ 4. However, the complaint contains no allegations supporting plaintiff's claim that he intends to move to Arcadia or suggesting that he has made any attempt to establish a residency in Arcadia. Similarly, the complaint is devoid of any allegations that plaintiff has previously lived in Arcadia, that he currently lives near Arcadia, or that he has a personal connection with Arcadia. Instead, the complaint alleges only that "[p]laintiff desires to establish a residence in the City of Arcadia." Id. ¶ 4. Plaintiff's mere desire to move to Arcadia, standing alone, is insufficient to establish that plaintiff's asserted injury — the inability to find adequate housing in Arcadia — is anything more than "conjectural" or "hypothetical." See Lujan, 504 U.S. at 560. Accordingly, the Court finds that plaintiff has failed to establish that he has suffered, or will imminently suffer, an injury in fact.

Plaintiff resists this conclusion. In opposing Arcadia's motion, plaintiff relies principally on two cases, Village of Arlington Heights v. Metropolitan Housing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

Development Corporation and Wallace v. New York, in which courts found that plaintiffs had standing to challenge municipal laws similar to those at issue in this case. See Opp'n., at 5-8. However, in both of these cases the plaintiffs were able to demonstrate that they had an appreciable connection with the municipality whose laws they challenged.

In Village of Arlington Heights, the Supreme Court found that a plaintiff had standing to challenge a local zoning decision that purportedly denied him "a housing opportunity he desire[d] in Arlington Heights," a suburb outside of Chicago. 429 U.S. 252, 264 (1977). In reaching this conclusion, the Court emphasized that the plaintiff had worked in a factory in Arlington Heights and that he had testified "he would probably move [to Arlington Heights], since it was closer to his job." Id. Accordingly, the Court found that the plaintiff's asserted injury — the inability to move closer to his employment — was "not a generalized grievance" and that plaintiff had shown an " 'actionable causal relationship' between Arlington Heights' zoning practices and his asserted injury." Id.

In Wallace, several registered sex offenders brought suit challenging the constitutionality of residency restrictions limiting where sex offenders were permitted to live. 40 F. Supp. 3d 278, 284 (E.D.N.Y. 2014). Specifically, plaintiffs challenged a residency restriction imposed by the State of New York and two residency restrictions imposed, respectively, by Suffolk County, New York and Southampton, a town in Suffolk County. Id. As in this case, the plaintiffs did not allege that they had ever lived in the areas affected by the residency restrictions, nor did they allege that they had attempted to reside in those areas. See Id. at 298. Nonetheless, the court found that plaintiff's had standing to challenge the residency restriction because they lived in "geographical proximity" to the areas covered by the restrictions. Id. at 299-301. Regarding the State-level restriction, the Court stated:

> The fact that Plaintiffs . . . do not claim that they attempted to reside in particular areas within the State, but were prevented from doing so by the State residency restrictions, does not deprive them of standing to challenge these restrictions. These Plaintiffs can establish standing on the basis that they definitely would be prevented from doing so in the future. The continued residence of these Plaintiffs within the State — in *"geographical proximity"* to the areas specified by these restrictions — suffices to show their "imminent" inability to reside in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

      certain areas, without additional proof as to their "past [residential]
      use" of those areas.

Id. at 298-99 (emphasis added)(citations omitted). Similarly, regarding the Suffolk County and Southampton residency restrictions, the court noted that all but one of the plaintiffs lived or had lived within Suffolk County. Id. at 300. In finding that plaintiffs had standing to challenge the residency restrictions, the court explained: "the fact that these Plaintiffs reside in the same County as the Town supports the imminence of the injury stemming from restrictions that relate to specific areas of the Town. *Such proximity* to the Town reassures the Court that the 'legal questions' regarding these restrictions are not being addressed in a 'rarified atmosphere of a debating society,' but rather in a 'concrete factual context' involving an appreciable threat of injury to these Plaintiffs." Id. at 300-01 (emphasis added).

      By contrast, here, plaintiff has made no specific allegations that he lives in "geographic proximity" to Arcadia or that he has any personal connection with or particular reason to live in Arcadia. Instead, plaintiff relies solely on his assertion that he "desires to establish a residence in the City of Arcadia." Thus, unlike the plaintiffs in Wallace or Arlington Heights, plaintiff has alleged no personal connection with the municipality whose laws he is challenging. As the case law sets forth, more is required to establish standing. See Warth v. Seldin, 422 U.S. at 518 ("It is the responsibility of *the complainant* clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute") (emphasis added). Accordingly, the Court finds that the allegations in the complaint are insufficient to establish plaintiff's standing to bring the instant suit.

      Nonetheless, were plaintiff to allege additional facts demonstrating that he had an appreciable connection with Arcadia, for example that he had taken concrete steps towards establishing a residence in Arcadia or that he lived in "geographic proximity" to Arcadia, the Court might be able to find that plaintiff had standing to challenge the Arcadia Residency Restrictions. However, based on the current allegations in the complaint, the Court cannot find that there is anything more than a conjectural possibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05736-CAS(ASx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | JOHN DOE V. THE CITY OF ARCADIA | | |

plaintiff will in fact be affected by the Arcadia Residency Restrictions. Accordingly, the Court GRANTS Arcadia's motion.[1]

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's complaint without prejudice. Plaintiff is hereby granted **thirty (30) days** to file an amended complaint addressing the defects identified herein. Failure to do so may result in dismissal of his complaint with prejudice.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] In opposition to defendant's motion, plaintiff also cites several cases in which courts held that a plaintiff need not engage in an "unlawful" or "futile" act before they can challenge the validity of a law or ordinance. See Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat"); City of Auburn v. Qwest Corp., 260 F.3d 1160, 1172 (9th Cir. 2001) (ripeness "does not require Damocles' sword to fall before we recognize the 'realistic danger of sustaining a direct injury' ") (citations omitted). However, while plaintiff may not need to move to Arcadia and be denied housing before bringing the instant suit, there still must be more than a conjectural possibility that plaintiff will in fact move to Arcadia or be affected by the Arcadia Residency Restrictions. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1140 (9th Cir. 1999) ("Although we do not always require plaintiffs to await arrest or prosecution before entertaining a challenge to the constitutionality of a statute, the threat of enforcement must at least be 'credible,' not simply 'imaginary or speculative.' ") (citations omitted). As stated above, the Court finds that, based on the allegations in the complaint, the likelihood of these events occurring is overly speculative. Accordingly, plaintiff's reliance on the cited authority is unpersuasive.