UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | *John Doe v. City of Arcadia, et al.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Janice Bellucci | Richard Egger | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (Dkt. 15, filed September 23, 2015)

## I.     INTRODUCTION

Plaintiff, proceeding under the pseudonym John Doe, filed the instant action against defendant, the City of Arcadia ("Arcadia"), on July 29, 2015. Dkt. 1. In this action, plaintiff challenges the validity of Article IV, Chapter 9.4 of the City of Arcadia Municipal Code, entitled "Sex Offender Residency and Loitering Restrictions." Id. ¶¶ 1, 8. Plaintiff asserts that this regulation is unconstitutionally vague and overbroad and violates the Fifth and Fourteenth Amendments to the United States Constitution, the Ex Post Facto clause of the United States Constitution, and Articles I and XI of the California Constitution. See generally Compl.

On September 23, 2015, Arcadia filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), Dkt. 15, and the Court granted this motion without prejudice, Dkt. 20. On December 1, 2015, plaintiff filed the operative First Amended Complaint ("FAC") in this action. Dkt. 21. On December 28, 2015, Arcadia filed a motion to dismiss the FAC. Dkt. 27. On January 28, 2015, plaintiff filed an opposition, Dkt. 29, and on February 9, 2016, Arcadia filed a reply, Dkt. 31. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The complaint alleges the following facts: In 2009, the City Council of Arcadia adopted Ordinance No. 2557, which was codified as Article IV, Chapter 9.4 of the City of Arcadia Municipal Code. Compl. ¶ 9. The ordinance is entitled "Sex Offender

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

Residency and Loitering Restrictions" ("Arcadia Residency Restrictions"). Id. The Arcadia Residency Restrictions went into effect on or about May 19, 2009. Id. The City Council of Arcadia subsequently adopted Ordinance No. 2318 in 2014 which amended the Arcadia Residency Restrictions. Id. ¶ 10. This amendment went into effect on or about September 16, 2014. Id.

The Arcadia Residency Restrictions provide that "[n]o sex offender shall be a permanent or temporary resident within a residential exclusion zone." Arcadia Municipal Code ("AMC") § 4940.3. The regulation defines "sex offender" as "any person for whom registration is required pursuant to Section 290 of the California Penal Code, based upon the commission of an offense against a child (minor), regardless of whether that person is on parole or probation." AMC § 4940.1(M). And the regulation defines "residential exclusion zone" as "those areas located within two thousand (2,000) feet of the closest property line of a child care center, public or private school grades K through 12, park, public library, swimming or wading pool, commercial establishment that provides any area in or adjacent to such establishment as a children's playground, or any location that facilitates classes or group activities for children on the property, or school bus stops . . . ." AMC § 4940.1(K).

Pursuant to the Arcadia Residency Restrictions, a "permanent resident" is "any person who, as of a given date, obtained the right to occupy a dwelling including but not limited to a duplex, multi-family dwelling, single family dwelling, hotel, motel or inn for more than thirty (30) consecutive days." AMC § 4940.1(I). A "temporary resident" is "any person who, for a period of thirty (30) days or less, obtained the right to occupy a dwelling including but not limited to a Hotel, Motel or Inn." AMC § 4940.1(O).

Failure to comply with any of the provisions of the Arcadia Residency Restrictions constitutes a misdemeanor violation of the Arcadia Municipal Code. AMC § 4940.19. Furthermore, "[a]ny person required to comply with any or all of the provisions of [the Arcadia Residency Restrictions] shall be liable in any action brought by the City to enforce such provision and to pay such reasonable costs of enforcement, including any and all attorney's fees incurred by the City in furtherance of said enforcement." AMC § 4940.21.

Plaintiff has previously been convicted of a sex offense involving a minor. Compl. ¶ 4. Accordingly, he is required to register as a sex offender pursuant to California Penal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

Code § 290. Id. Plaintiff alleges that he desires to establish a residence in Arcadia, but is prohibited from doing so due to the city's residency restrictions. Id. In the instant suit, plaintiff contends that the Arcadia Residency Restrictions violate both the United States and California Constitutions. See generally Compl. Nonetheless, Arcadia argues that plaintiff lacks standing to bring the instant suit or, in the alternative, plaintiff's claims are not ripe for adjudication by this Court.

### III.  LEGAL STANDARD

    A.    **Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Similarly, a party may assert the ripeness issue, along with other challenges to a court's subject matter jurisdiction, as a defense pursuant to Federal Rule of Civil Procedure 12(b)(1). See St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

## IV. ANALYSIS

### A. Standing

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted). With regard to the first element, injury in fact, the alleged harm need not have actually occurred, but rather may be "imminent." See Id. at 560.

In its order granting Arcadia's previous motion to dismiss, the Court found that the allegations in plaintiff's complaint were insufficient to establish that he had standing to bring this action. Specifically, the Court stated: "[T]he complaint is devoid of any allegations that plaintiff has previously lived in Arcadia, that he currently lives near Arcadia, or that he has a personal connection with Arcadia. Instead, the complaint alleges only that '[p]laintiff desires to establish a residence in the City of Arcadia.' " Dkt. 20, at 4. The Court concluded that plaintiff's "mere desire to move to Arcadia, standing alone," was insufficient to establish that there was anything more than a "conjectural" or "hypothetical" possibility that plaintiff would suffer harm as a result of the Arcadia Residency Restrictions. Id. (citing Lujan, 504 U.S. at 560).

In the FAC, plaintiff adds a number of allegations regarding his desire to travel to Arcadia. Specifically, plaintiff now alleges that he resides in "geographic proximity" to Arcadia, as his current residence is approximately 185 miles from Arcadia. FAC ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

Plaintiff alleges that Arcadia is within the geographic area in which he travels for personal reasons as well as for his work in the residential and commercial water treatment industry. Id. Plaintiff also states that he conducts business in Los Angeles County, as well as within and near Arcadia, and also that he travels within Los Angeles County for other purposes. Id. Plaintiff avers that he intends to travel to Arcadia to visit its various attractions, "including the Santa Anita Race Park, Wilderness Park and L.A. County Arboretum." Id. Finally, plaintiff states that he "intends to establish, and would in fact establish, a lawful residence in [Arcadia], including by spending nights in a hotel, motel, or inn within the City of Arcadia, while on business and while visiting Arcadia's attractions; but he is prohibited from spending even one night in [Arcadia] due to the [Arcadia Residency Restrictions]." Id.

     The Court finds that, with the addition of these allegations, plaintiff has adequately established that he has standing to challenge the Arcadia Residency Restrictions. These allegations might be insufficient if the Arcadia Residency Restrictions only applied to individuals who intended to establish a permanent residence in Arcadia. However, significantly, these restrictions apply, not just to permanent residents, but also to temporary residents who spend as little as one night in Arcadia. See AMC § 4940.3. ("No sex offender shall be a permanent or *temporary resident* within a residential exclusion zone.") (emphasis added); AMC § 4940.1(O) (" 'Temporary Resident' means any person who, for a period of *thirty (30) days or less*, obtained the right to occupy a dwelling including but not limited to a Hotel, Motel or Inn.") (emphasis added).

     Here, plaintiff has alleged that he lives within 185 miles of Arcadia, i.e. within driving distance of Arcadia. See FAC ¶ 5. He further alleges that he travels for work within Los Angeles County, the County where Arcadia is located. Id. And he alleges that he intends to travel to Arcadia to visit a number of local attractions, including the Los Angeles County Arboretum and the Santa Anita Race Park. Id. Based on these allegations, it is at least plausible that plaintiff will travel to or in the vicinity of Arcadia, that he will attempt to stay in a hotel, motel, or other temporary residence in Arcadia, and that he will be prevented from staying in such a residence by virtue of the Arcadia Residency Restrictions. Accordingly, with these new allegations, the possibility that plaintiff will suffer harm as a result of the Arcadia Residency Restrictions is no longer "conjectural" or "hypothetical."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | *John Doe v. City of Arcadia, et al.* | | |

Moreover, the Supreme Court has held that plaintiffs have standing to bring constitutional challenges to municipal ordinances where they live in geographic proximity to the municipality and have alleged that they intend to travel to the municipality. See Village of Arlington Heights, 429 U.S. 252, 264 (1977) (finding that plaintiff had standing to challenge a zoning decision by the Village of Arlington heights where the plaintiff had worked in a factory in Arlington Heights and testified that "he would probably move [to Arlington Heights], since it was closer to his job."). Likewise, in Wallace v. New York, 40 F. Supp. 3d 278, 298 (E.D.N.Y. 2014), a sex offender residency case, the court found that plaintiffs had standing to challenge the constitutionality of residency restrictions because they lived in "geographical proximity" to the areas covered by the restrictions. Id. ("The continued residence of these Plaintiffs within the State — in *'geographical proximity'* to the areas specified by these restrictions — suffices to show their 'imminent' inability to reside in certain areas, without additional proof as to their 'past [residential] use' of those areas.") (emphasis added).

Accordingly, the Court finds that plaintiff has sufficiently established that he has standing to bring this action.[1]

**B.   Ripeness**

Arcadia also argues that this case is not ripe for adjudication. In evaluating ripeness, courts consider two factors: "the fitness of the issues for judicial decision and

---

[1] In its motion, Arcadia notes that plaintiff has filed a number of similar lawsuits challenging residency restrictions in as many as fifteen municipalities throughout California. Arcadia argues that these other suits "lend credence to the assertion that [p]laintiff has no intention to move to Arcadia." Reply, at 2. However, the fact that plaintiff has filed other suits challenging similar residency restrictions in other municipalities is of no import to the question at hand, whether plaintiff has standing to bring *this* lawsuit. Moreover, it is not clear whether plaintiff is still pursuing these additional lawsuits. And, as stated above, the Arcadia Residency Restrictions apply to persons who spend as little as one night in Arcadia. Accordingly, even if the Court could infer from plaintiff's other lawsuits that he intended to establish a residence in one of those municipalities, that would not be inconsistent with plaintiff's claim that he intends to visit Arcadia and spend a night in a hotel or motel in Arcadia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

the hardship to the parties of withholding court consideration." Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967).

> 1.  **Fitness for Judicial Decision**

Arcadia contends that the issues in this case are not fit for judicial decision. However, Arcadia identifies no additional facts that must be resolved or further developed before this court can rule on the merits of plaintiff's claim. Rather, the question presented here—whether the Arcadia Residency Restrictions violate the United States and California Constitutions—appears to be in the nature of a purely legal question. Issues that are "purely legal[] and will not be clarified by further factual development" are more likely to be ripe. Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581 (1985); see also Freedom to Travel Campaign v. Newcomb, 82 F.3d 1431, 1434–35 (9th Cir.1996) (rejecting a ripeness defense to a facial attack on blanket travel restrictions to Cuba under the First and Fifth Amendments, even though the plaintiff group had never applied for a license, because the case presented purely legal questions); Forsyth County, Ga. v. Nationalist Movement, 505 U.S. 123, 129–30 (1992) (addressing a facial First Amendment challenge to a licensing scheme even though the plaintiff had never applied for a permit).

Arcadia also argue that this case is not ripe because it depends upon a "contingent future event"—namely, plaintiff's attempting to establish a residence in Arcadia. However, as plaintiff argues, "neither the standing nor the ripeness doctrine requires Plaintiff to subject himself to criminal penalties under the [Arcadia Residency Restrictions] before challenging [them], nor to uproot his present residence and transplant himself into a community that legally forbids his residency." Opp'n., at 8; see also Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat"); Desert Outdoor Advertising v. City of Moreno Valley, 103 F.3d 814, 818 (9th Cir. 1996) (standing does not require "futile" exercises, such as engaging in conduct that is clearly prohibited by the challenged regulation); City of Auburn v. Qwest Corp., 260 F.3d 1160, 1172 (9th Cir. 2001) (ripeness "does not require Damocles' sword to fall before we recognize the 'realistic danger of sustaining a direct injury' ") (citations omitted). And it is not clear what additional information necessary to the resolution of this case would be gained were plaintiff to reside in Arcadia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-5736-CAS(ASx) | Date | February 22, 2016 |
| Title | *John Doe v. City of Arcadia, et al.* | | |

Accordingly, the Court rejects Arcadia's argument that the issues in this case are not fit for judicial decision.

### 2. Hardship to the Parties of Withholding Court Consideration

Arcadia argues that there will be no hardship to plaintiff if the Court withholds consideration of this case for the time being because plaintiff is not currently being harmed by the Arcadia Residency Restrictions. However, plaintiff *has* alleged that he is being harmed by the Arcadia Residency Restrictions. Specifically, he alleges that he presently desires to reside in Arcadia, but is prevented from residing in Arcadia, even for one night, by virtue of the residency restrictions. And, as explained more fully above, the Court has determined that, based on the allegations in the complaint, there is a more than speculative possibility that plaintiff would in fact visit Arcadia were it not for the city's residency restrictions. Accordingly, plaintiff is suffering a hardship that will continue if the Court withholds consideration of this case.

Thus, both of the factors courts consider in evaluating ripeness weigh in favor of adjudicating this case and the Court, therefore, declines to dismiss this case on grounds that it is not ripe.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss plaintiff's complaint pursuant to Federal Civil Procedure 12(b)(1).

IT IS SO ORDERED

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CL | |